UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

NICHOLAS J. QUEEN,                  :
                                    :
    Plaintiff                       :
                                    :
    v.                              :   CIVIL NO. 3:CV-06-1758
                                    :
R. HOEKMAN, ET AL.,                 :   (Judge McClure)
                                    :
    Defendants                      :

**ORDER**

March 8, 2007

**Background**

    Nicholas J. Queen ("Plaintiff"), an inmate presently confined at the United States Penitentiary, Beaumont, Texas, initiated this pro se civil rights action. The complaint regards Plaintiff's placement in administrative detention at his prior place of confinement, the United States Penitentiary, Lewisburg, Pennsylvania "without a legitimate penological interest." Doc. 1, ¶ 8. Queen alleged that his administrative detention was retaliatory and posed a serious safety risk in that he was placed in danger of assault by another inmate.[1]

---

1. There were no facts set forth establishing that Queen was actually assaulted by another inmate while in administrative detention.

1

By Memorandum and Order dated October 2 2006, Queen's action was dismissed, without prejudice, as legally frivolous pursuant to the screening provisions of 28 U.S.C. § 1915. Specifically, it was concluded that Queen's action could proceed only to the extent that it sought non-compensatory damages and injunctive relief. Second, it was determined that under the standards developed in Griffin v. Vaughn, 112 F.3d 703 (3d Cir. 1997), because Plaintiff's administrative detention was of short duration and based upon a legitimate penological reason, a viable constitutional claim was not stated. This Court also found that Queen's retaliation claim was subject to dismissal under the requirements of Rauser v. Horn, 241 F.3d 330, 333 (2001). Finally, it was held that based upon an application of the Farmer v. Brennan, 511 U.S. 825, (1994) and Beers-Capitol v. Whetzel, 256 F. 3d 120, 125 (3d Cir. 2001) standards, the complaint did not set forth a viable failure to protect claim.

Thereafter, Plaintiff's motion for appointment of counsel and his request for entry of default judgment were denied as moot. Presently pending is the Plaintiff's motion for reconsideration and incorporated request to submit an amended complaint. See Record document no. 15.

**Discussion**

Plaintiff seeks reconsideration on the grounds that this Court's October 2, 2006 Memorandum and Order misinterpreted the facts of his complaint. It is initially noted that Plaintiff has been transferred to another federal correctional facility, consequently, his request for injunctive relief, i.e., a transfer is moot.

2

A motion for reconsideration is a device of limited utility. It may be used only to seek remediation of manifest errors of law or fact or to present newly discovered precedent or evidence which, if discovered previously, might have affected the court's decision. Harsco Corp. v. Zlotnicki, 779 F.2d 906 (3d Cir. 1985), cert. denied, 476 U.S. 1171 (1986).

It has also been held that a motion for reconsideration is appropriate in instances such as where the court has " . . . misunderstood a party, or has made a decision outside the adversarial issues presented to the court by parties, or has made an error not of reasoning, but of apprehension." See Rohrbach v. AT & T Nassau Metals Corp., 902 F. Supp. 523, 527 (M.D. Pa. 1995), vacated in part on other grounds on reconsideration, 915 F. Supp. 712 (M.D. Pa. 1996) (quoting Above the Belt, Inc. v. Mel Bohannan Roofing, Inc., 99 F.R.D. 99, 101 (E.D. Va. 1983). "Because federal courts have a strong interest in the finality of judgments, motions for reconsideration should be granted sparingly." Continental Casualty Co. v. Diversified Indus., Inc., 884 F. Supp. 937, 943 (E.D. Pa. 1995).

Queen's request for reconsideration does not set forth any newly discovered facts or precedent which would affect this Court's prior determination. The Plaintiff has also failed to establish the presence of any errors of law or fact. He offers no basis to disturb the conclusions set forth in this Court's Memorandum and Order of October 2, 2006. The request for reconsideration will be denied. Finally, since: (1) the primary purpose of Plaintiff's motion to amend appears to be the addition of a claim (being assaulted by correctional staff on September 26, 2002) which is not directly

3

related to his pending allegations, (2) Plaintiff's request for injunctive relief has been mooted; and (3) there no indication that the deficiencies of the original complaint can be remedied; the incorporated request to submit an amended complaint will likewise be denied.[2] Consequently,

**IT IS HEREBY ORDERED THAT**:

>Plaintiff's motion for reconsideration and incorporated request to file an amended complaint (Record document no. 15) is denied.

    s/ James F. McClure, Jr.
JAMES F. McCLURE, JR.
United States District Judge

---

2. It is noted that the dismissal of this action was without prejudice, hence, Plaintiff if he so chooses can initiate a new action regarding any claims of constitutional misconduct.